# EXHIBIT "A"

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement And General Release (the "Settlement Agreement") is made and entered into by and between YAUHEN BRASAUS A/K/A JAMES ERICSSON, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives and assigns ("Brasaus"), JOHN AUGUSTIN, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives and assigns ("Augustin"), JESSE BALDWIN, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Augustin"), FRANKLIN BALTODANO, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Baltodano"), WOODCHILL BIEN-AIMÉ, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Bien-Amé"), RODNEY BLANC, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Blanc"),  LEONARDO CASTILLO, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Castillo"), WILLIO ESTIMEAU, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Estimeau"), CHRISNEL FAUGUE, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("C. Faugue"), DOMINGUE FAUGUE, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("D. Faugue"), JONATHAS FORGUES, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns (" J. Forgues"), JOSHUA FOGLER, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Fogler"), EDOUARD FORGUES, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns (" E. Forgues"), REGINALD JEAN, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and

assigns ("Jean"), RITHNER JEAN-BAPTISTE, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Jean-Baptiste), GEMAT NORMIL, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Normil"), BERMANE PHILEMOND, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Philemond"), MAX PHILO, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Philo"), and TRAVIS WALKER, for and on behalf of himself and his spouse, heirs, executors, administrators, representatives, and assigns ("Walker") (collectively "the Plaintiffs"), and FRESHPOINT OF SOUTH FLORIDA, INC., for and on behalf of itself and its parent companies, affiliates, subsidiaries, predecessors, successors, assigns, owners, employees, shareholders, officers and related companies ("Freshpoint").

## RECITALS

A.     The Plaintiffs filed a Complaint styled *Yauhen Brasaus a/k/a James Ericsson*, individually and on behalf of all similarly situated individuals, in the United States District Court for the Southern District of Florida, Case Number 15-61529-CIV-DIMITROULEAS ("the Civil Action"), alleging that Freshpoint violated the Fair Labor Standards Act (the "FLSA") by failing to compensate the Plaintiffs for overtime hours worked.

B.     Freshpoint denies that it is liable to the Plaintiffs under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of the Plaintiffs' employment by, or relationship with, Freshpoint.  The Plaintiffs acknowledge that Freshpoint's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiffs' employment by, or relationship with, Freshpoint, and that Freshpoint is settling this matter to avoid any further cost and expense of litigation.

C.     The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement.  The purpose of this Settlement Agreement is to settle and compromise any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to the execution of this Settlement Agreement.   Each party believes settlement of the Civil Action, and all other possible disputes between the parties, is in their mutual best interests; and

D.     The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1.     **Settlement Funds.**   Freshpoint hereby agrees to pay in full settlement of the Plaintiffs' claims the total sum of One Hundred Fifteen Thousand Dollars and 00/100 ($115,000.00) ("Total Settlement Payment") plus an additional consideration payment for a General Release, as allocated to each Plaintiff in this paragraph and provided that each Plaintiff executes this Agreement, in full settlement and satisfaction of all the Plaintiffs' claims against Freshpoint existing prior to the execution of this Settlement Agreement, including, but not limited to, the Plaintiffs' claims for attorneys' fees and costs, and shall constitute the only sums to be paid by Freshpoint to the Plaintiffs or the Plaintiffs' attorneys.  The Total Settlement Payment is contingent upon each Plaintiff accepting their individual sums below, the Court's subsequent approval of this Settlement Agreement, as set forth in Paragraph 2, and the Court's dismissal of the Civil Action with prejudice.  If the Court rejects any portion of this Settlement Agreement or does not dismiss the Civil Action with prejudice, this Agreement shall be considered dissolved and the Civil Action shall continue.   Within ten (10) business days

following the latter of the Court's approval of this Settlement Agreement, and the Court's dismissal of the Civil Action with prejudice, and receipt of appropriate IRS Forms W-4 and W-9, Freshpoint shall make, in the form of 58 checks, the payments to the Plaintiffs and their attorneys as follows:  (1) a check payable to Brasaus in the gross amount of $1,934.93, less any applicable taxes and withholdings, representing alleged back pay; (2) a check payable to Brasaus in the gross amount of $1,934.93, representing liquidated damages; (3) a check payable to Brasaus in the amount of $200.00 as consideration for the General Release of all claims; (4) a check payable to Augustin in the gross amount of $1,041.83, less any applicable taxes and withholdings, representing alleged back pay; (5) a check payable to Augustin in the gross amount of $1,041.83, representing liquidated damages; (6) a check payable to Augustin in the amount of $200.00 for the General Release of all claims; (7) a check payable to Baldwin in the gross amount of $736.72, less any applicable taxes and withholdings, representing alleged back pay; (8) a check payable to Baldwin in the gross amount of $736.72, representing liquidated damages; (9) a check payable to Baldwin in the amount of $200.00 for the General Release of all claims; (10) a check payable to Baltodano in the gross amount of $698.14, less any applicable taxes and withholdings, representing alleged back pay; (11) a check payable to Baltodano in the gross amount of $698.14, representing liquidated damages; (12) a check payable to Baltodano in the amount of $200.00 for the General Release of all claims; (13) a check payable to Bien-Aimé in the gross amount of $1,046.21, less any applicable taxes and withholdings, representing alleged back pay; (14) a check payable to Bien-Aimé in the gross amount of $1,046.21, representing liquidated damages; (15) a check payable to Bien-Aimé in the amount of $200.00 for the General Release of all claims; (16) a check payable to Blanc in the gross amount of $795.08, less any applicable taxes and withholdings, representing alleged back pay; (17) a check payable to Blanc in the gross amount of $795.08, representing liquidated damages; (18) a check payable to Blanc in the

amount of $200.00 for the General Release of all claims; (19) a check payable to Castillo in the gross amount of $785.07, less any applicable taxes and withholdings, representing alleged back pay; (20) a check payable to Castillo in the gross amount of $785.07, representing liquidated damages; (21) a check payable to Castillo in the amount of $200.00 for the General Release of all claims; (22) a check payable to Estimeau in the gross amount of $1,370.92, less any applicable taxes and withholdings, representing alleged back pay; (23) a check payable to Estimeau in the gross amount of $1,370.92, representing liquidated damages; (24) a check payable to Estimeau for $200.00 for the General Release of all claims; (25) a check payable to C. Faugue in the gross amount of $2,124.13, less any applicable withholdings and taxes, representing alleged back pay; (26) a check payable to C. Faugue in the gross amount of $2,124.13, representing liquidated damages; (27) a check payable to C. Faugue for $200.00 for the General Release of all claims; (28) a check payable to D. Faugue in the gross amount of $4,722.99, less any applicable withholdings and taxes, representing alleged back pay; (29) a check payable to D. Faugue in the gross amount of $4,722.99, representing liquidated damages; (30) a check payable to D. Faugue in the amount of $200.00 for the General Release of all claims; (31) a check payable to J. Forgues in the gross amount of $3,694.64, less any applicable withholdings and taxes, representing alleged back pay; (32) a check payable to J. Forgues in the gross amount of $3,694.64, representing liquidated damages; (33) a check payable to J. Forgues in the amount of $200.00 for the General Release of all claims; (34) a check payable to Fogler in the gross amount of $3.67, less any applicable withholdings, representing alleged back pay; (35) a check payable to Fogler in the gross amount of $3.67, representing liquidated damages; (36) a check payable to Fogler for $200.00 for the General Release of all claims (37) a check payable to E. Forgues in the gross amount of $4,658.12, less any applicable withholdings, representing alleged back pay; (38) a check payable to E. Forgues in the gross amount of $4,658.12,

representing liquidated damages; (39) a check payable to E. Forgues in the amount of $200.00 for the General Release of all claims (40) a check payable to Jean in the gross amount of $18.59, less any applicable withholdings and taxes, representing alleged back pay; (41) a check payable to Jean in the gross amount of $18.59, representing liquidated damages; (42) a check payable to Jean in the amount of $200.00 for the General Release of all claims; (43) a check payable to Jean-Baptiste in the gross amount of $369.23, less any applicable withholdings and taxes, representing alleged back pay; (44) a check payable to Jean-Baptiste in the gross amount of $369.23, representing liquidated damages; (45) a check payable to Jean-Baptiste in the amount of $200.00 for the General Release of all claims; (46) a check payable to Normil in the gross amount of $165.57, less any applicable withholdings and taxes, representing alleged back pay; (47) a check payable to Normil in the gross amount of $165.57, representing liquidated damages; (48) a check payable to Normil in the amount of $200.00 for the General Release of all claims; (49) a check payable to Philemon in the gross amount of $1,968.09, less any applicable withholdings and taxes, representing alleged back pay; (50) a check payable to Philemond in the gross amount of $1,968.09, representing liquidated damages; (51) a check payable to Philemond in the amount of $200.00 for the General Release of all claims; (52) a check payable to Philo in the gross amount of $542.12, less any applicable withholdings and taxes, representing alleged back pay; (53) a check payable to Philo in the gross amount of $542.12, representing liquidated damages; (54) a check payable to Philo in the amount of $200.00 for the General Release of all claims (55) a check payable to Walker in the gross amount of $47.07, less any applicable withholdings and taxes, representing alleged back pay; (56) a check payable to Walker in the gross amount of $47.07, representing liquidated damages; (57) a check payable to Walker in the amount of $200.00 for the General Release of all claims; and (58) a check payable to Johnson Becker PLLC in the gross amount of $61,553.88, as payment of the Plaintiffs' attorney's fees

and costs in connection with the Civil Action.  Freshpoint shall issue the appropriate tax forms for the amounts paid.  **The Plaintiffs acknowledge that the settlement funds they are receiving will compensate them, in full, for any and all claims of wages, back pay, overtime, liquidated damages and any other compensation allegedly due from Freshpoint.**

2. **Judicial Approval of Settlement/Dismissal of Civil Action.**  Within five (5) calendar days following the execution of this Settlement Agreement by all parties, the parties will file a Joint Motion for Approval of this Settlement Agreement and for Dismissal of the Civil Action with Prejudice.  The parties agree that this Settlement Agreement shall be null and void in the event that the Court fails to approve this Settlement Agreement and/or if the Court fails to dismiss the Civil Action with prejudice.

3. **Payment of Settlement Funds**.  Within ten (10) days following the Court's approval of the Settlement Agreement, Freshpoint shall mail out each Plaintiff's settlement check to the Plaintiff's current or last known address, and deliver the settlement check covering Plaintiffs' attorneys' fees and costs to Plaintiffs' counsel.  Additionally, in the event that the Court's Order Approving the Settlement Agreement does not also dismiss the Civil Action with prejudice, the parties will file, within three (3) days of delivery of the settlement funds, a joint notice of dismissal with prejudice.

4. **General Release of All Claims**.  For consideration that they are otherwise not entitled to, the Plaintiffs, on their own behalves and for their spouses, heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns, covenant not to sue, and expressly release, and hold harmless Freshpoint, and its parents, subsidiaries and affiliates, and each and all of their current and former agents, owners, employees, officers, shareholders, directors, attorneys, insurers, accountants, subsidiaries, heirs, successors and assigns (collectively "the Releasees") from any and all rights, claims, suits, debts, dues, sums of money,

accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, causes of action of any nature whatsoever arising at law or in equity, which the Plaintiffs may have had, may now have or may have in the future, both known and unknown, against Freshpoint, from the beginning of the world to the date of this Settlement Agreement, including, but not limited to, any claims that the Plaintiffs have asserted, could assert, or could have asserted against Freshpoint in any way arising out of their employment by and/or relationship with Freshpoint.  The rights and claims referred to in this paragraph include, but are not limited to, those which could arise under Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Florida Minimum Wage or Unpaid Wages law, Florida Whistleblower Act, Florida Statute Section 448.08, and any other federal, state, or local law, or any contract or common law.  This Release is given in exchange for consideration that the Plaintiffs were not otherwise entitled to and does not apply to any claim or cause of action arising after the Plaintiffs sign this Agreement.

5.     **No Other Suits or Claims**.  The Plaintiffs, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Freshpoint, or against any of Freshpoint's current or former employees, owners, officers, directors, partners, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board, other than the Civil Action. The Plaintiffs will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Freshpoint, its current or former employees, owners, officers, directors, partners,

agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement.   Nothing in this Settlement Agreement shall prohibit or restrict the Plaintiffs from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency.

6.   **Non-Disclosure**.   The parties agree to keep the facts, terms and amount of this Settlement Agreement in strict confidence other than filing this Settlement Agreement to obtain the Court's approval of the settlement. The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this nondisclosure provision. The Plaintiffs shall not disclose the terms of this Settlement Agreement to any person other than their spouses, accountants, attorneys, taxing authorities, or income tax preparers.  All that the Plaintiffs may divulge about the resolution of this matter, if asked, is that they cannot comment in any way on the matter. Furthermore, to the extent the Plaintiffs disclose such information to their spouses, accountants, attorneys, taxing authorities, or income tax preparers, the Plaintiffs agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality.  If the Plaintiffs are subpoenaed, receive other legal process, or are otherwise potentially required to disclose the existence or terms of this Settlement Agreement, they will notify counsel for the Defendant, Kevin W. Shaughnessy, 200 South Orange Ave., Suite 2300 SunTrust Center, Orlando, FL 32801, 407-649-4014 within ten (10) business days before responding to any subpoena, court order, legal process, or administrative request.  The Plaintiffs further agree to

cooperate fully with Freshpoint when preparing the appropriate response to any such subpoena or other legal request.

7.  **Indemnification**.  The Plaintiffs agree to indemnify and hold harmless Freshpoint from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Payment set forth in paragraph 1 for which they are solely responsible.  The Plaintiffs further agree to indemnify and hold harmless Freshpoint from any claims of any attorney or law firm purporting to represent or to have represented the Plaintiffs in any dispute with Freshpoint.  The Plaintiffs have not relied whatsoever upon any advice from their attorneys, Freshpoint or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits transferred hereunder.

8.  **Non-Disparagement**. The Plaintiffs promise that they will not make critical, negative or disparaging remarks about the Releasees including, but not limited to, comments about any of the Releasees' employees, managers or owners, products, services, business or employment practices.

9.  **No Admission of Liability**.  The Plaintiffs understand and agree that Freshpoint admits no liability with respect to the Civil Action, or any other claim related to or arising out of his employment or association with Freshpoint or any other matters.

10.  **Severability and Survival**.  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

11.  **Controlling Law and Venue**.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida.  In addition, the Plaintiffs acknowledge that jurisdiction and venue shall lie exclusively in the Southern District of Florida,

Fort Lauderdale Division or in the state courts located within Broward County, Florida, over any claims arising under or relating to this Settlement Agreement.

12.    **Plaintiffs' Understanding**.  The Plaintiffs understand that this Agreement and the Release contained herein are a complete waiver, release and discharge of all claims of any kind which the Plaintiffs may have against Freshpoint, and have entered into this Agreement knowingly and voluntarily.  The Plaintiffs acknowledge that Freshpoint hereby has advised them to consult with an attorney prior to executing this Agreement, and that they have consulted with their attorneys at Johnson Becker, PLLC; Sommers Schwartz, P.C.; and Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.

13.    **Authorship**.  All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

14.    **Execution in Counterparts**.   The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

15.    **Recitals**.  The recitals are incorporated by reference.

16.    **Entire Agreement**.  This Settlement Agreement contains the entire agreement between the parties and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained herein shall be binding on such party.

17.    **Full and Knowing Acceptance**.  This Agreement is freely and voluntarily entered into by the parties.  The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.  The

Plaintiffs represent that they have had a reasonable time within which to consider entering into the Agreement.

**NOW, THEREFORE**, the parties have executed this Settlement Agreement freely and voluntarily, as of the dates set forth below.

608902681.1

_____

YAUHEN BRASAUS A/K/A JAMES ERICSSON

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF Broward       )

The foregoing instrument was acknowledged before me this 31 day of MAY ,
2016, by YAUHEN BRASAUS A/K/A JAMES ERICSSON who is personally known to me or
who has produced FL DRIVERS Lic _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

DAVID W. OPATOSKY
MY COMMISSION # EE 862258
EXPIRES: May 3, 2017
Bonded Thru Budget Notary Services

DAVID W. OPATOSKY
_____
(Print, Type or Stamp Commissioned Name of
Notary Public)

_____
JOHN AUGUSTIN

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF _Broward_       )

    The foregoing instrument was acknowledged before me this 10 day of _June_, 2016, by JOHN AUGUSTIN who is personally known to me or who has produced _FL Drivers License_ (type of identification) as identification.

NOTARY PUBLIC
State of Florida

**Afesha Taylor**
**State of Florida**
My Commission Expires 09/28/2018
Commission No. FF 163922

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

Page 14 of 32

_____
JESSE BALDWIN

STATE OF FLORIDA            )
                           ) ss:
COUNTY OF _Miami Dade_      )

    The foregoing instrument was acknowledged before me this _16_ day of _June_, 2016, by JESSE BALDWIN who is personally known to me or who has produced _FL ID B435-420-76-265-0_ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of
Notary Public)

CESAR L SARDINAS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF939748
Expires 11/30/2019

_Franklin Baltodano_ (signature)
FRANKLIN BALTODANO

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF _Miami Dade_      )

    The foregoing instrument was acknowledged before me this _21_ day of _June_, 2016, by FRANKLIN BALTODANO who is personally known to me or who has produced _FLDL_ _____ (type of identification) as identification.

_(notary signature)_

NOTARY PUBLIC, STATE OF FLORIDA

KURLINE SUCKIE
Notary Public, State of Florida
Commission# FF 61175
My comm. expires Oct. 8, 2017

_Kurline Suckie_

(Print, Type or Stamp Commissioned Name of Notary Public)

_Woodchill_
WOODCHILL BIEN-AIME

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF _Broward_     )

The foregoing instrument was acknowledged before me this _31_ day of _May_, 2016, by WOODCHILL BIEN-AIME who is personally known to me or who has produced _Driver License_ (type of identification) as identification.

_Paul Loiseau_
NOTARY PUBLIC, STATE OF FLORIDA
PAUL LOISEAU
MY COMMISSION # FF 103507
EXPIRES: March 18, 2018
Bonded Thru Budget Notary Services

(Print, Type or Stamp Commissioned Name of Notary Public)

_____
RODNEY BLANC

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF _BROWARD_       )

    The foregoing instrument was acknowledged before me this 15 day of June 2016, 2016, by RODNEY BLANC who is personally known to me or who has produced ___FLDL___ (type of identification) as identification.

NOTARY PUBLIC, STATE OF FLORIDA

FREDDY PEREZ

(Print, Type or Stamp Commissioned Name of Notary Public)

FREDDY PEREZ
Notary Public, State of Florida
Commission# FF 134302
My comm. expires June 19, 2018

FREDDY PEREZ
Notary Public, State of Florida
Commission# FF 134302
My comm. expires June 19, 2018

_____
LEONARDO CASTILLO

STATE OF FLORIDA            )
                           ) ss:
COUNTY OF Broward          )

       The foregoing instrument was acknowledged before me this 28 day of May, 2016, by LEONARDO CASTILLO who is personally known to me or who has produced FL Drivers License (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

Patricia D' Angelo
_____
(Print, Type or Stamp Commissioned Name of Notary Public)

Patricia D'Angelo
COMMISSION #FF902526
EXPIRES: July 22, 2019
WWW.AARONNOTARY.COM

Page 19 of 32

_____
WILLIO ESTIMEAU

STATE OF FLORIDA              )
                             ) ss:
COUNTY OF DADE               )

    The foregoing instrument was acknowledged before me this 31 ST day of MAY ,
2016, by WILLIO ESTIMEAU who is personally known to me or who has produced
DRIVER LICENSE (type of identification) as identification.



_____
NOTARY PUBLIC, STATE OF FLORIDA

JOSEPH I PIERRE
_____
(Print, Type or Stamp Commissioned Name of
Notary Public)

JOSEPH I PIERRE
Notary Public - State of Florida
Commission # FF 214517
My Comm. Expires Jul 5, 2019
Bonded through National Notary Assn.

_____
CHRISNEL FAUGUE

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF Broward       )

    The foregoing instrument was acknowledged before me this 6th day of June, 2016, 2016, by CHRISNEL FAUGUE (who is personally known to me) or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

ABNER CLERVEAUX
(Print, Type or Stamp Commissioned Name of Notary Public)

ABNER CLERVEAUX
Notary Public - State of Florida
My Comm. Expires Oct 27, 2016
Commission # FF 171825
Bonded through National Notary Assn.

_Domingue Faugue_
DOMINGUE FAUGUE

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF _Broward_       )

    The foregoing instrument was acknowledged before me this 28 day of _may_ 2016, by DOMINGUE FAUGUE who is personally known to me or who has produced _____ (type of identification) as identification.

[Notary seal:
ABNER CLERVEAUX
Notary Public - State of Florida
My Comm. Expires Oct 27, 2018
Commission # FF 171825
Bonded through National Notary Assn.]

NOTARY PUBLIC, STATE OF FLORIDA

_Abner Clerveaux_
(Print, Type or Stamp Commissioned Name of Notary Public)

_____
JONATHAS FAUGUES

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF _Broward_       )

    The foregoing instrument was acknowledged before me this _21_ day of _May_ 2016, by JONATHAS FORGUES who is personally known to me or who has produced _FL Drivers LIC_ (type of identification) as identification.

JASON OGDEN
Notary Public, State of Florida
Commission# FF 109988
My comm. expires Apr. 06, 2018

NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of
Notary Public)

Page 23 of 32

_____

JOSHUA FOGLER

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF _Dade_            )

    The foregoing instrument was acknowledged before me this _1_ day of _June_ , 2016, by JOSHUA FOGLER who is personally known to me or who has produced _Flsd# F241-421-85-041-0_ (type of identification) as identification.

_____

NOTARY PUBLIC, STATE OF FLORIDA

_____ , (Type or Stamp Commissioned Name of Notary Public)

ANA LIA CASANOVA
Notary Public - State of Florida
Commission # FF 033143
My Comm. Expires Jul 23, 2019



EDOUARD FORGUES

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF Broward         )

        The foregoing instrument was acknowledged before me this 1st day of June,
2016, by EDOUARD FORGUES who is personally known to me or who has produced
FL DL F622-200-74-028-0 (type of identification) as identification.

FERNANDA LOLA
Notary Public - State of Florida
My Comm. Expires Apr 2, 2018
Commission # FF 106801

NOTARY PUBLIC, STATE OF FLORIDA

FERNANDA LOLA

(Print, Type or Stamp Commissioned Name of
Notary Public)

Page 25 of 32

_____
REGINALD JEAN

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF Miami Dade      )

The foregoing instrument was acknowledged before me this 16th day of JUNE , 2016, by REGINALD JEAN who is personally known to me or who has produced _____ (type of identification) as identification.

DAVID ABED
MY COMMISSION # FF984442
EXPIRES: April 20, 2020

_____
NOTARY PUBLIC, STATE OF FLORIDA
DAVID ABED
(Print, Type or Stamp Commissioned Name of Notary Public)

RITHMER JEAN-BAPTISTE

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF _Broward_         )

    The foregoing instrument was acknowledged before me this 17th day of _June_ 2016, by RITHMER JEAN-BAPTISTE who is personally known to me or who has produced _Fl DL_ _____ (type of identification) as identification.

NOTARY PUBLIC, STATE OF FLORIDA

_Desiree Plummer-Dennis_

(Print, Type or Stamp Commissioned Name of Notary Public)

Desiree Plummer-Dennis
Notary Public
State of Florida
My Commission Expires 09/29/2018
Commission No. FF 164282

_____
GEMAT NORMIL

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF BROWARD         )

    The foregoing instrument was acknowledged before me this 15th day of June 2016, by GEMA NORMIL who is personally known to me or who has produced N654-380-66-252-0 (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of
Notary Public)

ANDY ST LOUIS
Notary Public - State of Florida
Commission # FF 906780
My Comm. Expires Aug 12, 2019
Bonded through National Notary Assn.

_____

BERMANE PHILEMOND

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF _____   )

The foregoing instrument was acknowledged before me this 15th day of June, 2016, by BERMANE PHILEMOND who is personally known to me or who has produced Driver License _____ (type of identification) as identification.

NOTARY PUBLIC

Fares Saleh
(Print, Type or Stamp Commissioned Name of Notary Public)

FARES JALAL SALEH
Notary Public - State of Florida
Commission # FF 956421
My Comm. Expires Apr 26, 2020
Bonded through National Notary Assn.

_____
MAX PHILO

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF ___BROWARD___   )

The foregoing instrument was acknowledged before me this _1st_ day of ___JUNE___,
2016, by MAX PHILO who is personally known to me or who has produced
___FL DL_____ (type of identification) as identification.

Manuel Quimbayo
State of Florida
My Commission Expires 07/27/2019
Commission No. FF 903733

_____
NOTARY PUBLIC, STATE OF FLORIDA

___MANUEL   QUIMBAYO_____
(Print, Type or Stamp Commissioned Name of
Notary Public)

_____

TRAVIS WALKER

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF Broward         )

    The foregoing instrument was acknowledged before me this 5th day of June, 2016, by TRAVIS WALKER who is personally known to me or who has produced Drivers License (type of identification) as identification.

_____

NOTARY PUBLIC, STATE OF FLORIDA

_____

(Print, Type or Stamp Commissioned Name of Notary Public)



KHIA C. JOSEPH
Notary Public - State of Florida
My Comm. Expires Aug 16, 2016
Commission # EE 827423
Bonded Through National Notary Assn.

**FRESHPOINT OF SOUTH FLORIDA, INC.**

By: Kevin W. Shaughnessy

Attorney - in - Fact (Authorized)

Its: Counsel of Record

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF ORANGE          )

The foregoing instrument was sworn to and subscribed before me this 5th day of July, 2016, by Kevin W. Shaughnessy.  He/she is personally known to me or has produced _____ (type of identification) as identification.

Dianna L. Bichard
NOTARY PUBLIC, STATE OF Florida

Dianna L. Bichard
(Print, Type or Stamp Commissioned Name of Notary Public)